*Exhibit A*

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Medtronic, Inc.,

Plaintiff,

vs.

David Camp and
Dennis Nichols,

Defendants.

Civil File No. 02-285PAM/JGL

**PROTECTIVE ORDER**

---

Upon Stipulation by the parties for an order pursuant to Fed. R. Civ. Proc. 26(c) that trade secret or confidential research, development, or commercial information be disclosed only in a designated way, and for good cause shown;

IT IS HEREBY ORDERED:

1. Confidential Information - Defined: Any information produced by the parties during the course of discovery that is not generally known by or disclosed to the public, and all copies, excerpts, or summaries of the documents produced, including without limitation, documents produced by a party pursuant to Fed. R. Civ. Proc. 33 or 34, or the local rules of the United States District Court for the District of Minnesota, answers to requests for admission, answers to interrogatories, documents subpoenaed from a party in connection with deposition testimony, and deposition transcripts, may be designated as "confidential" by any party. Any matter designated by a party as "confidential" may only be disclosed to the following persons:

MAR 0 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. Attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of Plaintiff, no more than two of its in-house lawyers and their secretarial or paralegal assistants;

b. Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the identity of such experts or consultants be disclosed (along with a current resume and a description of any consulting work performed in the preceding five years for any manufacturer or seller of pacemakers or defibrillators) to the party producing such documents at least three business days prior to such disclosure, the expert or potential expert agrees to the restrictions set forth herein, and the party producing the documents does not make written objection, within three business days after disclosure, for cause to disclosure to such experts or consultants;

c. No more than four officers, directors or employees of Plaintiff who are not lawyers who are reasonably necessary to assist counsel in this case and who are disclosed to the Defendants;

d. Persons noticed for deposition or designated as trial witnesses, to the extent necessary for the preparation of the person's testimony in these cases provided that documents will not be shown to witnesses who are not employees of the producing party (or otherwise within the categories of persons to whom disclosure may be made) except during depositions with prior notice and consent during the deposition by counsel for the producing party;

e. The Court and Court personnel in accordance with the procedures set forth in paragraph C below;

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

2. Highly Confidential Information - Defined: Any information relating to trade secrets, product research or development, marketing research or development, or confidential customer lists, which is maintained by a company in a confidential manner, and where access to employees is restricted and the confidential nature of the information is known to the employees, may be designated as "highly confidential." As to such matters, each side may designate any discovery information produced by that party to be "highly confidential" and each side shall treat the

information as confidential until further order of the court. Any matter designated by a party as "highly confidential" shall be subject to the following restrictions:

a. Attorneys of record for the parties in this action, the staff of their respective law firms, and, in the case of Plaintiff, no more than two of its in-house lawyers and their secretarial or paralegal assistants;

b. Experts or consultants hired by or consulted by such attorneys in connection with this case but only on the condition that the identity of such experts or consultants be disclosed (along with a current resume and a description of any consulting work performed in the preceding five years for any manufacturer or seller of pacemakers or defibrillators) to the party producing such documents at least three business days prior to such disclosure, the expert or potential expert agrees to the restrictions set forth herein, and the party producing the documents does not make written objection, within three business days after disclosure, for cause to disclosure to such experts or consultants;

c. The information shall not be disclosed to the parties without the subsequent written agreement of the parties or order of the Court for good cause shown.

3. Any party from time to time may designate as "confidential" or "highly confidential" any discovery materials they produce which contain confidential information (hereinafter "Confidential Discovery Materials"), the disclosure of which by the receiving party would, in good faith judgment of the party producing such material, result in disclosure of confidential commercial information or undue invasion of privacy.

4. To the extent feasible, all confidential or highly confidential information shall be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" prior to its production. Information produced by a non-party may not be designated confidential or highly confidential by the parties if not so designated by the producing non-party. In the event that a party inadvertently fails to designate any confidential or highly confidential information, the party producing that information may within thirty (30) days of production make such a designation by notifying the receiving person in writing. Each side shall treat information designated information as confidential until further

order of the court.

5. In the case of deposition testimony, counsel for the person being deposed shall, within thirty (30) days after the transcript has been received by such counsel, designate those portions of the transcript which contain testimony concerning Confidential Discovery Materials (hereinafter "Confidential Deposition Testimony"). During this 30 day period, the entire transcript shall be treated as though it was designated "CONFIDENTIAL" and shall be disclosed only to those persons listed above.

6. Confidential Discovery Materials or Confidential Deposition Testimony shall not be used by or communicated to any person or entity for business or competitive purposes or for any other purpose whatsoever except the prosecution or defense of this case.

7. Before disclosing Confidential Discovery Materials or Confidential Deposition Testimony to experts or other non- parties, the attorney or party disclosing the materials shall advise such persons of the restrictions of this Protective Order and obtain written assurance in the form attached that such person will be bound by its provision. That written assurance will not be available for inspection by the attorneys for the party whose confidential material is produced, provided that the party producing the confidential information may request the Court to review such forms <u>in camera</u> to assure that such forms are duly executed.

8. All Confidential Discovery Materials or Confidential Deposition Testimony submitted to or filed with the Court in this action shall be submitted or filed under separate cover and shall be placed under seal. Such materials shall only be available to the Court and persons authorized by this Protective Order.

9. This Protective Order shall not prevent any Confidential Discovery Materials or Confidential Deposition Testimony from being used by the Court or counsel of record at any hearing

in this action, or from being offered and received into evidence at trial, subject to such confidentiality measures as the Court may then prescribe.

10. No person who obtains access to Confidential Discovery Materials or Confidential Deposition Testimony pursuant to this Protective Order may disclose that information to any persons other than those permitted access under this Protective Order, unless it first secures the written consent of the producing party, or obtains permission from the Court, upon motion and with notice to all parties.

11. Within thirty (30) days after the conclusion of trial and all appeals or any other termination of this action, all Confidential Discovery Materials or Confidential Deposition Transcripts shall be returned to the producing party or destroyed in a mutually agreeable manner, and all excerpts and summaries thereof shall be destroyed. The prohibitions of this Protective Order which restrict the disclosure and use of Confidential Discovery Materials or Confidential Deposition Testimony shall continue to be binding after the conclusion of this action.

13. Any party may apply to the Court for an order modifying this Protective Order, removing the confidential designation from any discovery materials, or extracts or portions thereof, reclassifying Confidential Discovery Materials or further protecting Confidential Discovery Materials. The burden of persuasion regarding any party's confidentiality designation shall be governed by Rule 26 of the Federal Rules of Civil Procedure and the applicable case law. This Protective Order is without prejudice to the rights of any party to object to the production of documents or information which it considers to be privileged or otherwise beyond the scope of Fed. R. Civ. P. 26.

14. The Parties shall in all respects abide by the terms of this Protective Order.

Dated: ____________________ BY THE COURT:

Jonathan G. Lebedoff
United States Magistrate Judge
District of Minnesota

March 8, 2002

# EXHIBIT A

This is to certify that the undersigned has read and is fully familiar with the provisions of the Protective Order dated _______________, in the action entitled *Medtronic, Inc. v. David Camp and Dennis Nichols*, Case No. 02-258 PAM/JGL.

As a condition precedent to my examination of any Confidential Information or Highly Confidential Information in connection with this case, or my obtaining any Confidential Information or Highly Confidential Information, I hereby agree that this Protective Order shall be deemed to be directed to and shall include me, and I shall observe and comply with the provisions of this Protective Order.

Dated: ________________________

______________________________________
Name (Signature)

______________________________________
Name (Printed)

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Medtronic, Inc.,

Plaintiff,

vs.

David Camp and
Dennis Nichols,

Defendants.

Civil File No. 02-285PAM/JGL

**STIPULATION**

---

Whereas, the parties to this Stipulation, Plaintiff Medtronic, Inc. and Defendants David Camp and Dennis Nichols (collectively "Defendants") wish to maintain the confidentiality of certain information that may be disclosed in these actions that they deem to be confidential and proprietary, and wish to ensure that such information shall not be used for any purpose other than in these actions, Plaintiff and Defendants, through their undersigned counsel, hereby stipulate and agree that the Court may enter a Protective Order in the above-captioned action in the form attached hereto as Exhibit A.

Dated: March 4, 2002

**MASLON EDELMAN BORMAN & BRAND LLP**

By ______________________

William Z. Pentelovitch (85078)
Jonathan S. Parritz (177581)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-4140
(612) 672-8200

ATTORNEYS FOR PLAINTIFF

FILED ______
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Dated: March 4, 2002

**OPPENHEIMER WOLFF & DONNELLY, LLP**

By: ______________________________

Edward Fox (3132X)
Gary Hansen (40617)
Plaza VII Building
Suite 3300
45 South Seventh Street
Minneapolis, Minnesota 55402-1609

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.